# CASE NO. 24-1328

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

COLORADO MONTANA WYOMING )
STATE AREA CONFERENCE OF )
THE NAACP, et al., )
)
    Plaintiffs–Appellants )
)
    v. )
)
SHAWN SMITH, et al., )
)
    Defendants–Appellees )

---

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge Charlotte N. Sweeney
D.C. No. 1:22-cv-00581-CNS-NRN

---

**SUPPLEMENTAL APPENDIX OF APPELLEES KASUN AND SMITH**
(Volume 2, pages 301-307)

Cameron Powell
Michael J. Wynne
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe, Suite 700
Houston, Texas 77027
(832) 390-2644

*Attorneys for Appellees Shawn Smith and Holly Kasun*

# Index

| ECF | Document | Page |
|---|---|---|
| 189 | Holly Kasun – Day 3 Trial Transcript (excerpts) (07/17/2024) | 303 |
| 189 | Amy Erickson – Day 3 Trial Transcript (excerpts) (07/17/2024) | 304 |
|  | Trial Exhibit 41 (admitted) | 305 |

22-cv-00581-CNS-NRN   Bench Trial - Day 3   07/17/2024   706

1  Q. Were you a super mom?
2  A. No.
3  Q. Were you trying to usurp a government function?
4  A. No.
5  Q. Did you intend to take the law into your own hands?
6  A. No.
7  Q. Was there any type of systematic plan, to the best of your
8  knowledge, for canvassers to carry firearms?
9  A. No.
10 Q. The various mentions throughout this trial of security and
11 taking security measures, what did you understand those
12 measures to relate to, that is to protect canvassees or to
13 protect canvassers?
14         MS. STOCK: Objection, leading.
15         THE COURT: Sustained.
16 Q. (By MR. WYNNE) Okay. What was the purpose of the safety
17 measures in your mind right now as an individual defendant in
18 this case?
19 A. During canvassing?
20 Q. Yes.
21 A. It was for personal protection.
22 Q. Personal protection of the canvassers?
23 A. Yes.
24 Q. And, in fact, at least once that broke down because
25 somebody was bitten by a dog, right?

Sarah K. Mitchell, RPR, CRR

22-cv-00581-CNS-NRN   Bench Trial - Day 3    07/17/2024    814

1  the KKK Act.
2           It is certainly no surprise that the defendants
3  refuse to admit that their canvassing campaign amounts to
4  voter intimidation, or that they attempted or -- and refused
5  to admit they have attempted to or, in fact, intimidated
6  voters, or that they have refused to admit that they conspired
7  to intimidate voters.  It is also no surprise that the
8  defendants have presented an incredibly sanitized version of
9  the canvassing activities they admittedly organized and
10 engaged in.
11          The reality, however, is that the other materials put
12 out by United States Election Integrity Plan reflect their
13 true intent and their true colors.  It is clear from the
14 canvassing -- excuse me -- it is clear from the playbook that
15 was put out, as well as the canvassing report that was put
16 out, that the defendants' conduct was intimidating.  That when
17 taken in light of their statements and the description of
18 their own activities, the defendants were not going door to
19 door with the sanitized version of the campaign that they
20 presented today.
21          In addition, defendants' own admissions regarding
22 their canvass activity and methods demonstrates that they went
23 to the doors and they interrogated voters about their past
24 voting activity.  This is fundamentally different than the
25 canvassing that we see in connection with political campaigns

                           Sarah K. Mitchell, RPR, CRR

**From**: Beth Hendrix, Executive Director, LWVCO(bhendrix@lwvcolorado.org) [mailer@mail2.clubexpress.com]
**Sent**: 9/4/2021 4:00:07 PM
**To**: Beth Hendrix [bhendrix@lwvcolorado.org]
**Subject**: Election Questions

View in your browser



The U.S. Election Integrity Plan (USEIP) is an organization that is continuing to claim voter fraud in the 2020 election. They have volunteers in Colorado who are going door to door in an attempt to find evidence of voter fraud. These actions may be intimidating to voters; voter intimidation is a federal crime. In an effort to keep on top of what this group is doing in our state, we are asking LWVCO members to contact Beth Hendrix (bhendrix@lwvcolorado.org or 303-588-5470) if you know of anyone who has been approached by this group.

Thank you!

You have received this message from the mailing list of League of Women Voters of Colorado. If you would prefer not to receive these emails in the future, go to the opt-out page and modify your privacy settings. You can also request to be removed from our database completely.

LWVCO0000003

# CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, I electronically filed the foregoing using the court's CM/ECF system which will send notification to the following:

**Attorneys for Appellants**

Bryan L. Sells
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
(404) 480-4212

Courtney Hostetler
John Bonifaz
Ben Clements
Amira Mattar
Free Speech For People
48 North Pleasant St, Ste 304
Amherst, Massachusetts 01002
(617) 244-0234

*Amicus Curiae*

Bonnie I. Robin-Vergeer
Noah B. Bokat-Lindell
Department of Justice
Civil Rights Division
Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 598-0243

Date: December 23, 2024

*/s/ Michael J. Wynne*
Michael J. Wynne
Attorney for Holly Kasun & Shawn Smith
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe, Suite 700
Houston, Texas 77027
mwynne@gwafirm.com
(281) 450-7403